THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-CV-00904-KLM

MICHAEL RYAN,
SHARON MOLINA,
EARBY MOXON, and
HEATHER MYERS, on behalf of themselves,
and all others similarly situated,

Plaintiffs,

v.

SUSAN E. BIRCH, in her official capacity only as
Executive Director of the COLORADO
STATE DEPARTMENT OF HEALTH
CARE POLICY& FINANCING,

Defendant.

---

**JOINT STIPULATED QUALIFIED PROTECTIVE ORDER FOR PROTECTED HEALTH INFORMATION AND OTHER CONFIDENTIAL INFORMATION**

---

The parties file this Stipulated Protective Order to preserve the confidentiality of protected health information and other confidential information that may be requested and produced in discovery in this action. The parties agree that a protective order concerning such information is necessary to protect the confidentiality and integrity of the information that will be exchanged during discovery in this action.

As to the disclosure of certain protected health information under 45 C.F.R. § 160.103 ("Protected Health Information"), the parties have stipulated to the entry of a Qualified Protective Order pursuant to 45 C.F.R. § 164.512(e) with regard to any disclosure in this case by any party or entity, which is a covered entity under the Health Insurance

Portability and Accountability Act, 42 U.S.C. § 1320d–1320d-8, 45 C.F.R. Parts 160, 162 and 164.

Additionally, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists to issue a Protective Order. It is, therefore, hereby ORDERED:

**I. Definitions**

As used in this Order,

1. The term "party" means all named parties and class members in the above-captioned matter, including any named party added or joined to any complaint in this action.

2. The term "third party" means any individual, corporation, natural person, entity, or government department or agency, including federal, state, and local.

3. The term "HCPF" refers to the Colorado Department of Health Care Policy and Financing and all of its divisions, offices, and sub-agencies.

4. "Producing Person" means any person or entity producing documents, including persons or entities who are not parties to this action.

5. "Designating Person" means any producing party or third party that designates information as confidential.

6. The term "documents" as used here is comprehensive and includes all materials, including written, oral, recorded, electronic materials or data, in any form.

7. "Discovery Material" means any information or documents provided during discovery in this action.

8. "Protected Health Information" shall be defined as it is within the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") at 45 C.F.R. § 160.103.

9. The term "other confidential health information" means any document or information that identifies an individual and relates to past, present, or future care, as well as services or supplies, relating to the physical or mental health or condition of that person, but that does not qualify as protected health information.

10. The term "person" refers to any natural person or other entity of any kind whatsoever.

## II. <u>Provisions Related to Protected Health Information</u>

1. The Protected Health Information of any named plaintiff or class member shall be produced pursuant to the terms of this Qualified Protective Order.

2. The Protected Health Information shall only be used for purposes of this litigation, including appeals.

3. Any person subject to this Order may designate Protected Health Information if they, in good faith, believe that the information warrants protection pursuant to this Order. Any Producing Person designating documents or information containing Protected Health Information shall indicate the designation by clearly marking the document or information in a manner that does not interfere with legibility, usability, or audibility of the designated Discovery Materials.

4. The Protected Health Information shall be disclosed by the receiving party only to the following persons, after such persons (except for the judge and jury) are given a copy of this Qualified Protective Order:

   a. Parties to this action;

   b. Counsel to any party in this action, including counsel's paralegal, clerical, and other employees assigned to this matter;

c. Any person or entity designated on the face of a document as having previously received the document;

d. Any witness believed in good faith by counsel as likely to testify or be deposed in this action concerning specific PHI subject to this Order, provided such person executes the Non-Disclosure Agreement attached to this Order;

e. Any person or entity retained by a party to this action to serve as an expert witness or other specialized consultant, provided such person executes the Non-Disclosure Agreement attached to this Order;

f. Qualified persons taking testimony involving such information and necessary stenographic and clerical personnel, including outside copying services;

g. The Court and its personnel; and

h. Any other person designated by written stipulation of the parties and, if applicable, any third-party Producing Person.

5. If Protected Health Information is disclosed to any person or third party other than in the manner authorized by this Qualified Protective Order, the person responsible for the disclosure shall, as soon as possible, bring such disclosure to the attention of the Producing Person and, where possible, to the individual(s) whose Protected Health Information was disclosed. Without prejudice to any other rights and remedies, the person responsible for the disclosure shall make every effort to prevent further disclosure on its own part or on the part of the person or third party who was the recipient of such information.

6. In the event any document containing Protected Health Information that is subject to this Qualified Protective Order must be filed with the Court prior to trial, the filing party shall first file a motion for leave to file restricted access; and the Protected Health Information shall be filed electronically as a Level 1 Restricted Document in accordance with D.COLO.LCivR 7.2 and the District of Colorado ECF Civil Procedures Guideline 5.1(b). A cover sheet shall be attached to each such document, which shall incorporate a statement substantially in the following form:

**CONFIDENTIAL**

**SUBJECT TO QUALIFIED PROTECTIVE ORDER**

"This filing contains Protected Health Information and is not to be viewed nor the contents thereof displayed or revealed except as provided for in the Qualified Protective Order dated ___ or by court order."

The cover sheet shall not contain or reveal any protected health information.

7. Documents or things which are subject to this order may be marked and used as trial exhibits by either party, subject to terms and conditions as imposed by the Court upon application by the Producing Person or pursuant to the Court's previous resolution of a timely request filed by the individual(s) who are the subject(s) of the Protected Health Information.

8. Following the conclusion of this lawsuit, including appeals, a party that has produced documents containing Protected Health Information may make a written request to the receiving party to return or destroy documents containing Protected Health Information. Except for counsel for the parties, within 30 days from the date of such written request, all documents containing Protected Health Information will be:

a. Returned to the producing party. The receiving party shall assemble and return all items, including all copies, but not including copies in any Court file or containing notes or attorney's work product that may have been

placed on it. All copies containing notes or attorneys work product shall be destroyed and the attorney shall advise producing party in writing that all such copies have been destroyed; or

b. Destroyed. The receiving party agrees that all copies will be destroyed in a manner that will protect the confidentiality of the Protected Health Information. The receiving party's attorney shall advise the producing party's counsel in writing that all copies have been destroyed.

9. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof that contain Protected Health Information in the possession of counsel for the parties shall be retained confidentially consistent with the document retention and destruction policy of each law firm, including the Colorado Department of Law, (not to exceed seven years from the termination of the matter by the Court) and pursuant to the continuing terms of this Protective Order. Counsel for the parties will retain only such Protected Health Information necessary to comply with their professional or ethical obligations.

10. The entry of this Qualified Protective Order, or any conduct pursuant to this Order, shall not be interpreted as a general waiver of privacy or confidentiality of the Protected Health Information produced in this case, any privilege that may attach or relate to such information, or otherwise permit the disclosure of Protected Health Information.

**III. <u>Provisions Related to Other Confidential Information</u>**

1. Any person subject to this Order may designate Discovery Materials confidential if they, in good faith, believe that the information warrants protection pursuant to this Order. Any Producing Person designating documents or information confidential shall indicate the designation by clearly marking the document or information as confidential in a manner that does not interfere with legibility, usability, or audibility of the designated Discovery Materials.

2. Any person subject to this Order who receives Discovery Material that is designated confidential pursuant to this Order shall not disclose that material to anyone except as expressly provided in this Order.

3. The Producing Person of any Discovery Material may designate as confidential any portion of said Discovery Material that consists of the following:

a. Personal financial information, including any information utilized by HCPF to determine Medicaid eligibility;

b. Other confidential health information;

c. Sensitive personal information which may cause an individual or entity annoyance, embarrassment, oppression, or undue burden or expense pursuant to Fed. R. Civ. P. 26(c)(1); or

d. Any category of information given confidential status by the Court.

4. If a Producing Person inadvertently fails to designate Discovery Material as confidential, such a failure will not constitute a waiver, so long as the Producing Person promptly notifies all relevant parties in writing regarding the inadvertent failure to designate Discovery Materials as confidential.

5. Any party to the above-captioned action may object to the designation of Discovery Material as confidential by serving written notice of an objection on the Producing Person and all parties to this action within 30 days of receiving Discovery Materials so designated. The parties will work in good faith to resolve any such dispute. If the parties are unable to resolve the dispute within 14 days of the objecting party providing written notice, the parties will follow the Court's discovery dispute procedures, specifically Step 2.C of

the Court's practice standards. The Designating Person will bear the burden of demonstrating the appropriateness of designating Discovery Material confidential.

6. No person subject to this Order may use, indirectly or directly, Discovery Materials designated confidential for any purpose other than this litigation.

7. No person subject to this Order may disclose, indirectly or directly, any confidential Discovery Materials except to:

a. Parties to this action;

b. Counsel to any party in this action, including counsel's paralegal, clerical, and other employees assigned to this matter;

c. Any person or entity designated on the face of a document as having previously received the document;

d. Any witness believed in good faith by counsel as likely to testify or be deposed in this action concerning specific PHI subject to this Order, provided such person executes the Non-Disclosure Agreement attached to this Order;

e. Any person or entity retained by a party to this action to serve as an expert witness or other specialized consultant, provided such person executes the Non-Disclosure Agreement attached to this Order;

f. Qualified persons taking testimony involving such information and necessary stenographic and clerical personnel, including outside copying services;

g. The Court and its personnel; and

h. Any other person designated by written stipulation of the parties and, if applicable, any third-party Producing Person.

8. Any person disclosing confidential Discovery Materials to the persons described in the paragraph immediately above shall inform the persons described in the paragraph immediately above that the material is confidential and is only to be used for purposes of this litigation. The disclosing person shall ensure that persons to whom documents are disclosed maintain the confidentiality of confidential Discovery Materials.

9. No person or entity shall show, disclose, provide, or communicate—either indirectly or directly—any confidential Discovery Material to any person or entity not expressly authorized pursuant to this Order.

10. Any person subject to this Order may designate, on the record, portions of deposition recordings, transcripts, or exhibits as confidential.

11. Any person subject to this Order shall maintain the confidentiality of all Discovery Materials designated as confidential.

12. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as confidential shall be retained confidentially consistent with the document retention and destruction policy of each law firm (not to exceed seven years from the termination of the matter by the Court) and pursuant to the continuing terms of this Protective Order.

13. Every person provided access to Discovery Materials designated as confidential shall take all necessary precautions to prevent inadvertent or unauthorized disclosure of the confidential Discovery Materials.

14. Should any party bound by this Order receive a subpoena, civil investigative demand, or other legal process from a third party seeking or requiring disclosure of confidential Discovery Materials from this action, that party shall provide written notice of such request to the Producing Person no later than ten days from the date the request is received.

15. Nothing in this Order affects the rights of the parties or Producing Persons to object to discovery on grounds other than the confidentiality discussed herein.

16. This Order shall not be interpreted as a general waiver of privacy or confidentiality as to any information for which any privilege or statutory confidentiality provision prohibits disclosure.

17. The provisions of this Order shall remain in effect following the conclusion of this action.

18. The Court shall retain jurisdiction over persons subject to this Order to the extent necessary to enforce this Order.

19. This Order may be amended for good cause.

**SO STIPULATED AND AGREED.**

**Dated this ___ day of ____________ 2017.**

**BY THE COURT:**

______________________________

**United States Magistrate Judge**

**APPROVED:**

**FOR PLAINTIFFS:**

s/ Paul Karlsgodt
Paul G. Karlsgodt
BAKER & HOSTETLER LLP (CO)
1801 California Street, Suite 4400
Denver, CO 80202
Phone: 303.861.0600
Email: pkarlsgodt@bakerlaw.com

In cooperation with the ACLU
Foundation of Colorado

s/ Mark Silverstein
Mark Silverstein
Sara R. Neel
Arash Jahanian
ACLU FOUNDATION OF COLORADO
303 E. Seventeenth Ave., Suite 350
Denver, CO 80203
Phone: 720.402.3107
Fax: 303.777.1773
Email: msilverstein@aclu-co.org
sneel@aclu-co.org ajahanian@aclu-co.org

s/ Kevin Costello
Kevin Costello
HARVARD LAW SCHOOL CENTER FOR
HEALTH LAW & POLICY INNOVATION
122 Boylston Street
Jamaica Plain, MA 02130
Tel. (617) 390-2578
Email: kcostello@law.harvard.edu

**FOR DEFENDANT:**

CYNTHIA H. COFFMAN
Attorney General

s/ Corelle M. Spettigue
**Corelle M. Spettigue***
Senior Assistant Attorney General
**Jennifer L. Weaver***
First Assistant Attorney General
**W. Eric Kuhn***
Senior Assistant Attorney General
**Michael D. McMaster***
**Rachel O. Entrican***
Assistant Attorneys General
Colorado Department of Law
State Services Section
1300 Broadway, 6th Floor
Denver, CO 80203
Telephone: (720) 508-6141
FAX: (720) 508-6041
Email: corelle.spettigue@coag.gov

HOLLAND & HART, LLP

s/ Craig Stewart
**Craig Stewart***
**Claire E. Wells Hanson***
Holland & Hart, LLP
555 17th St., Ste. 3200
Denver, CO 80202
Telephone: (303) 295-8478
FAX: (303) 713-6307
Email: cstewart@hollandhart.com; cewellshanson@hollandhart.com

**Constance L. Akridge**
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Telephone: (702) 222-2543
Email: cakridge@hollandhart.com

*Attorneys for Defendant

**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-CV-00904-KLM

MICHAEL RYAN,
SHARON MOLINA,
EARBY MOXON, and
HEATHER MYERS, on behalf of themselves,
and all others similarly situated,

Plaintiffs,

v.

SUSAN E. BIRCH, in her official capacity only as
Executive Director of the COLORADO
STATE DEPARTMENT OF HEALTH
CARE POLICY& FINANCING,

Defendant.

**NON-DISCLOSURE AGREEMENT**

I, ______________________________, acknowledge that I have read, understand, and agree to be bound by the Protective Order in the above-captioned action. I will maintain the confidentiality of any Protected Health Information and/or Discovery Materials designated confidential and will not disclose any such Protected Health Information or Discovery Materials except pursuant to the provisions of the Protective Order. I will also not use or cause to be used any Protected Health Information or confidential Discovery Material for the commercial or competitive benefit of myself or any other person or entity, whether subject to this Protective Order or not. I will return all Protected Health Information and/or Confidential Discovery Material to the person or entity from whom I received it upon notification by that person or entity that this matter has concluded.

By acknowledging these obligations of the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States Court for the District of Colorado for the purpose of any dispute or issue arising under the Protective Order. I also understand that my willful violation of any part or portion of the Protective Order could subject me to punishment for contempt of Court.

Date: ______________________ ______________________