IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00904-KLM

MICHAEL RYAN,
SHARON MOLINA,
EARBY MOXON, and
HEATHER MEYERS,
    on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

SUSAN E. BIRCH, in her official capacity only, as Executive Director of the Colorado State Department of Health Care Policy and Financing,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Dismiss Plaintiffs' First and Second Claims for Relief** [#22][1] (the "Motion"). Plaintiffs and putative class representatives Michael Ryan, Sharon Molina, Earby Moxon, and Heather Myers ("Plaintiffs") filed their Response [#32] in opposition to the Motion, and Defendant filed her Reply [#35]. Plaintiffs also filed Notices of Supplemental Authorities. [#43, #51]. The Court has reviewed the Motion, the Response, the Reply, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below,

---

[1] "[#22]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

-1-

the Motion [#22] is **DENIED**.[2]

**I. Background**

Plaintiffs filed this putative class action lawsuit against Defendant Susan E. Birch, the Executive Director of Colorado State Department of Health Care Policy and Financing ("HCPF"), for denying them coverage for direct-acting antiviral ("DAA") treatment in violation of the Medicaid Act. *Am. Compl.* [#14] ¶ 7; 42 U.S.C. §§ 1396-1396v. Plaintiffs are Medicaid enrollees who suffer from the Hepatitis C Virus ("HCV") and have been denied coverage by HCPF for DAA treatment. *Am. Compl.* [#14] ¶¶ 1-4. Plaintiffs' Amended Complaint [#14] contains three claims for relief: (1) a 42 U.S.C. § 1983 claim for HCPF's failure to provide necessary medical assistance in violation of 42 U.S.C. § 1396a(a)(10)(A); (2) a § 1983 claim for denial of access to treatment comparable to similarly situated Medicaid enrollees in violation of 42 U.S.C. § 1396a(a)(10)(B); and (3) a § 1983 claim for failure to provide necessary medical assistance with reasonable promptness in violation of 42 U.S.C. § 1396a(a)(8). *Id.* ¶¶ 5, 105-06, 110-12, 114-15. Defendant moves to dismiss Plaintiffs' first claim for the violation of §1396a(a)(10)(A), and the second claim for the violation of § 1396a(a)(10)(B). *Motion* [#22] at 2.

Colorado participates in the federal Medicaid program and has chosen to provide prescribed drugs in its state Medicaid plan, a non-mandatory service under the Medicaid Act. COLO. REV. STAT. § 25.5–5–202. HCPF is the state agency that administers the Medicaid program in Colorado. COLO. REV. STAT. § 25.5–4–104(1). Under HCPF policy, enrollees diagnosed with HCV must satisfy certain criteria in order to be approved for DAA

---

[2] Pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2(d), the parties in this civil action consented to have the undersigned conduct all proceedings. *See* [#36, 37].

treatment, a breakthrough therapy for HCV, which results in "a *de facto* cure for more that 90% of patients." *Motion* [#22] at 5-6; *Am. Compl.* [#14] ¶ 35. The criterion at issue in the present case is that in order for enrollees with HCV to receive coverage for DAA treatment, they must have a Metavir Fibrosis Score ("MFS") of F2 or higher. *Am. Compl.* [#14] ¶ 70. MFS grades the severity of liver damage caused by HCV: scores of F0 and F1 indicate no or minimal scarring of the liver, a score of F2 indicates intermediate scarring, a score of F3 indicates severe fibrosis, and a score of F4 indicates cirrhosis. *Id.* ¶ 25. Plaintiffs challenge HCPF's MFS policy; they argue that by denying them DAA treatment on account of their MFSs of F0 or F1, HCPF fails to provide medically-necessary prescription drugs in violation of § 1396a(a)(10)(A), and denies access to treatment, which similarly situated enrollees have access to, in violation of the Medicaid Act's "comparability" requirement under § 1396a(a)(10)(B). *Id.* ¶¶ 48, 70, 105-06, 110.

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant moves to dismiss Plaintiffs' first and second claims, which arise under § 1396a(a)(10)(A) and (a)(10)(B). *Motion* [#22] at 1. Defendant argues that because Plaintiffs' claims "challenge [HCPF's] methodology for providing medical assistance under the medical-necessity standard," they can only be asserted under the medical necessity provision of the Medicaid Act found at 42 U.S.C. § 1396a(a)(17). *Id.* at 10. Defendant further argues that because § 1396a(a)(17) does not allow plaintiffs to assert claims for violations of federal rights, Plaintiffs' first and second claims here should be dismissed for failure to state claims upon which relief can be granted under § 1983. *Id.* at 10-12.[3] Plaintiffs counter that they are the "masters" of their own

---

[3] Although Defendant argues that claims brought under 42 U.S.C. § 1396a(a)(17) cannot assert violations of federal rights, the Court notes that Defendant has *not* argued that §§

Complaint and that §§ 1396a(a)(10)(A) and (a)(10)(B) are the "proper statutory vehicle[s]" for their claims; as such, they argue that the Motion [#22] should be rejected as Defendant's effort to rewrite the Complaint. *Response* [#32] at 12.

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted"). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be

---

1396a(a)(10)(A) and 1396a(a)(10)(B), i.e., the provisions under which Plaintiffs have explicitly asserted their claims, do not create federal rights enforceable under § 1983. Where plaintiffs sue under § 1983, they must allege deprivation of their "rights, privileges, or immunities secured by the Constitution and laws of the United States." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002) (quotation omitted); *see also Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997) (providing that a federal right is created when Congress intended that the statutory provision benefits the plaintiff, the statute imposes a binding obligation on the state, and the right is not vague and amorphous so as to render it unenforceable). Several Courts have considered the issue and have found that § 1396a(a)(10)(A) creates rights enforceable under § 1983. *See Watson v. Weeks*, 436 F.3d 1152, 1159 (9th Cir. 2006); *S.D. ex rel. Dickson v. Hood*, 391 F.3d 581, 603 (5th Cir. 2004); *Sabree ex rel. Sabree v. Richman*, 367 F.3d 180, 189-90 (3d Cir. 2004); *Westside Mothers v. Haveman*, 289 F.3d 852, 863 (6th Cir. 2002). Notably, the Tenth Circuit Court of Appeals suggested that § 1396a(a)(10)(A) creates rights enforceable under § 1983 when the court distinguished the methodology provisions at § 1396a(a)(10)(C)(i) and (a)(17), which it found do not create individual rights, from § 1396a(a)(10)(A). *Hobbs ex rel. Hobbs v. Zenderman*, 579 F.3d 1171, 1182 (10th Cir. 2009) ("Unlike subsection [§ 1396](a)(10)(A), these methodology provisions are not phrased with an *unmistakable focus* on the benefited class.") (quotation omitted). Section 1396a(a)(10)(B) has also been found to create federal rights enforceable under § 1983. *See generally Sobky v. Smoley*, 855 F. Supp. 1123, 1139 (E.D. Cal. 1994); *Antrican v. Buell*, 158 F. Supp. 2d 663, 671 (E.D.N.C. 2001), *aff'd*, *Antrican v. Odom*, 290 F.3d 178 (4th Cir. 2002). However, because Defendant has not argued that §§ 1396a(a)(10)(A) and 1396a(a)(10)(B) do not create federal rights, the Court makes no ruling on the issue here.

granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When deciding whether to grant a motion to dismiss, the court looks to the facts alleged in the complaint, which must be accepted as true, to determine whether they plausibly support the legal claim for relief pleaded. *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007).

### III.  Analysis

**A.  Claim One: 42 U.S.C. § 1396a(a)(10)(A)**

Defendant characterizes Plaintiffs' first claim as one relating to HCPF methodology and argues it can only arise under § 1396a(a)(17), which provides that a state Medicaid plan must "include reasonable standards . . . for determining eligibility for and extent of medical assistance." *Motion* [#22] at 9-10; *Reply* [#35] at 2. However, Plaintiffs' first claim is not solely about the reasonableness of standards included in HCPF's methodology, but ultimately is about HCPF's alleged denial of medically necessary care. *Id.* ¶106. Plaintiffs allege that DAA treatment is medically necessary for the treatment of HCV at all stages of severity including F0 and F1, and that because HCPF denied Plaintiffs DAA treatment on account of their MSFs of F0 or F1, HCPF has violated § 1396a(a)(10)(A). *Am. Compl.* [#14] ¶ 105-07. Although it is true that the Court "need not adhere to the legal labels attached by a plaintiff to his claims," *Carbajal v. Morrissey*, No. 12-cv-03231-REB-KLM, 2014 WL 1301532, at *25 (D. Colo. Mar. 31, 2014), Plaintiffs are still the "masters" of their Complaint and may choose under which law to assert their claims. *Holmes Grp., Inc. v.*

*Vornado Air Circulations Sys., Inc.*, 535 U.S. 826, 831 (2002); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Nevertheless, rather than rely on Plaintiffs' labels, the Court examines the substance of Plaintiffs' allegations in support of their first claim. *Weaver v. United States*, 98 F.3d 518, 520 (10th Cir. 1996).

Section 1396a(a)(10)(A) requires that a state's Medicaid plan "provide for making medical assistance available to . . . all individuals" who are eligible for Medicaid. Colorado has chosen to furnish prescription drugs, an optional form of medical assistance under the Medicaid Act. 42 U.S.C. § 1396d(12); COLO. REV. STAT. § 25.5–5–202(1)(a)(I). As such, Colorado's Medicaid plan must comply with the Medicaid Act and its implementing regulations in providing prescription services. *RX Pharmacies Plus, Inc. v. Weil*, 883 F. Supp. 549, 552 (D. Colo. 1995); *Doe 1-13 By & Through Doe, Sr. 1-13 v. Chiles*, 136 F.3d 709, 714 (11th Cir. 1998) ("[W]hen a state elects to provide an optional service, that service becomes part of the state Medicaid plan and is subject to the requirements of federal law.") (citations omitted). State plans must "specify the amount, duration, and scope of each service that [they] provide[ ]," 42 C.F.R. § 440.230(a); "may not arbitrarily deny or reduce the amount, duration, or scope of a required service . . . to an otherwise eligible recipient solely because of the diagnosis, type of illness or condition," 42 C.F.R. § 440.230(c); and "may place appropriate limits on a service based on such criteria as medical necessity." 42 C.F.R. § 440.230(d). Although states may refuse to fund unnecessary medical services, state Medicaid plans may not exclude necessary medical treatment from this coverage. *Beal v. Doe*, 432 U.S. 438, 444 (1977); *Weaver v. Reagen*, 886 F.2d 194, 198 (8th Cir. 1989); *Alvarez v. Betlach*, 572 F. App'x 519, 521 (9th Cir. 2014) (stating that § 1396a(a)(10)(A), § 1396a(a)(17), and § 440.230(d) "prohibit[] states from denying coverage

of 'medically necessary' services that fall under a category covered in their Medicaid plans"). Colorado state law provides that "[HCPF] shall establish a program of medical assistance to provide necessary medical care." COLO. REV. STAT. § 25.5–4–104(1).

Plaintiffs sufficiently allege facts that support a claim asserting that HCPF has violated § 1396a(a)(10)(A). Plaintiffs allege that HCPF has elected to furnish prescription drugs in its state Medicaid plan, that Plaintiffs are Medicaid enrollees infected with HCV who have MSFs of F0 or F1, that DAA treatment is medically necessary for Plaintiffs, and that HCPF denies Plaintiffs medically necessary DAA treatment pursuant to HCPF policy. *Am. Compl.* [#14] ¶¶ 60, 72-78. That Plaintiffs possibly could have alleged a claim for a violation under § 1396a(a)(17) does not negate the Court's conclusion that Plaintiffs' allegations plausibly allege that HCPF violated § 1396a(a)(10)(A).

Decisions from other districts support the Court's conclusion that Plaintiffs may sue under § 1396a(a)(10)(A) for alleged denial of necessary medical care. In *B.E. v. Teeter*, the United States District Court for the Western District of Washington considered a case similar to the present one, where Plaintiffs' claim was that under the state Medicaid plan, they were denied medically necessary DAA treatment in violation of § 1396a(a)(10)(A). No. C-16-227-JCC, 2016 WL 3033500 (W.D. Wash. May 27, 2016). The court held that pursuant to § 1396a(a)(10)(A), "the Medicaid Act prohibits states from denying coverage of 'medically necessary' services that fall under a category covered in their Medicaid plans." 2016 WL 3033500, at *2 (quotations omitted). Similarly, in *Alvarez v. Betlach*, the Ninth Circuit Court of Appeals held that pursuant to § 1396a(a)(10)(A), the state may not refuse to provide coverage for medically necessary incontinence briefs. 572 F. App'x at 520-21; *see also Antrican v. Odom*, 290 F.3d 178, 183 (4th Cir. 2002) (affirming the district court's

denial of a motion to dismiss for failure to state a claim where the claim included, in part, the denial of early and pre-screening dental treatment in violation of § 1396a(a)(10)(A)). Accordingly, the Court **denies** Defendant's Motion [#22] with respect to Plaintiffs' first claim.

**B.    Claim Two: § 1396a(a)(10)(B)**

Defendant characterizes Plaintiffs' second claim as a challenge to HCPF's methodology and argues that it can only arise under § 1396a(a)(17). *Motion* [#22] at 9-10. Plaintiff's second claim, however, is that HCPF violated § 1396a(a)(10)(B) and its implementing regulation, 42 C.F.R. § 440.240, when it denied Plaintiffs coverage of DAA treatment while providing DAA treatment to "similarly situated Medicaid enrollees, with no medically justifiable basis for such differential treatment." *Motion* [#22] at 7; *Am. Compl.* [#14] ¶¶ 110-11.  As noted above, Plaintiffs are the masters of their Complaint and may chose under which law to assert their claim, *Holmes Grp., Inc.*, 535 U.S. at 831 (2002); *Caterpillar Inc.*, 482 U.S. at 392 (1987); nevertheless, the Court examines the substance of Plaintiffs' allegations in support of their second claim to determine whether they sufficiently state a claim upon which relief can be granted.  *Weaver*, 98 F.3d at 520.

Section 1396a(a)(10)(B) is the Medicaid Act's comparability provision, and it requires "that the assistance any patient receives 'shall not be less in amount, duration, or scope than the medical assistance made available to any other such individual.'" *Mandy R. ex rel. Mr. & Mrs. R. v. Owens*, 464 F.3d 1139, 1142 (10th Cir. 2006) (quoting § 1396a(a)(10)(B)(i)); *see also Martines v. Ibarra*, 759 F. Supp. 664, 668-69 (D. Colo. 1991) (discussing the comparability requirement outlined in § 1396a(a)(10)(B)).  Section 440.240(a) states that the state Medicaid plan must "provide that the services available to

any categorically needy beneficiary under the plan are not less in amount, duration, and scope than those services available to a medically needy beneficiary"[4] and that "services available to any individual in" the categorically or medically needy groups "are equal in amount, duration, and scope for all beneficiaries within the group."

Plaintiffs sufficiently allege facts that support a claim asserting that HCPF has violated § 1396a(a)(10)(B) and § 440.240. Plaintiffs allege that DAA treatment is medically necessary for every Medicaid enrollee infected with HCV, even those with MFSs of F0 or F1; that Plaintiffs are eligible Medicaid enrollees infected with HCV; that HCPF has denied Plaintiffs coverage of DAA treatment; and that HCPF has provided coverage of DAA treatment for similarly situated enrollees, i.e. enrollees with MSFs of F2 or above. *Am. Compl.* [#14] ¶¶ 72-78, 110-11. These allegations are sufficient to allege Plaintiffs' second claim that HCPF violated § 1396a(a)(10)(B) and § 440.240. Accordingly, the Court **denies** Defendant's Motion [#22] with respect to Plaintiffs' second claim.

## IV. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#22] is **DENIED**.

---

[4] The Medicaid Act and implementing regulations distinguish between categorically needy and medically needy Medicaid enrollees. *See Schweiker v. Hogan*, 457 U.S. 569, 572 (1982) ("Participating States are required to provide Medicaid coverage to certain individuals—now described as the categorically needy; at their option States also may provide coverage . . . to other individuals—described as the medically needy."). Section 1396a(a)(10)(B) and § 440.240 require equality in covered benefits between groups and among members of groups; therefore, whether Plaintiffs are categorically or medically needy is not relevant to the Court's determination here.

Dated: September 5, 2017

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge